## George McMillan and another v. The Gilt Edge Cheese Factory of Livonia.

*Special finding: Conclusions of law: Exception.* Where, upon the trial of a cause in the circuit court,—before the court without a jury,—the circuit judge makes and files a special finding of facts and conclusions of law, and no exception is taken to such finding or the conclusions of law embodied in it, this court will not review such conclusions of law upon writ of error.

*Heard and decided October 27.*

Error to Wayne Circuit.

This was an action brought by George McMillan and Robert McMillan, against the defendant in error, to recover damages for a breach of an alleged contract to manufacture and deliver for, and to, the plaintiffs, fifty cheeses of ordinary size, weight and quality, on or before the second week of September, 1869, at, and for, the price of twelve cents per pound. The cause was originally commenced before a justice of the peace, who rendered judgment for the plaintiffs, from which the defendant appealed to the circuit court. The cause in the circuit court was tried by the court without a jury. The circuit judge made a special finding and filed it in the cause, which was as follows, viz:

In this cause I find the following facts:

1. That on August 24, 1869, the defendant, through one Kator, as its agent, made an agreement not in writing with the plaintiffs substantially as follows: To make and deliver to them during the second week in September then next, fifty cheeses at twelve cents per pound. 2. That the cheese contracted for was not delivered or tendered at the time stipulated nor afterwards. I further find, 3. That the defendant was a concern solely engaged in the manufacture of cheese; that at the time of contract, nothing was said about the size or quality of the article to be delivered;

McMILLAN v. THE GILT EDGE CHEESE FACTORY.

that no directions relative to the same were given by the plaintiffs; that in using the language of the agreement "to make and deliver" it was not the intent or understanding of the parties that the manufacture of said cheese commenced *ab initio;* but merely that the cheeses should be of the manufacture of the defendant and ready to be, and be, delivered by the second week in September, 1869.

With this view of the facts as I think they plainly appear after a careful consideration of the *whole* evidence in the case, I can arrive at no other conclusion than that the contract or agreement was simply a sale of the cheese with a future delivery and therefore within the statute of frauds and void, and that the plaintiffs are not entitled to recover.

No exception was taken to this finding nor to the conclusion of law embodied in it. The errors assigned were: 1. That the conclusion of law is not warranted by the facts found by the court below. 2. That the contract found by the court below is not within the statute of frauds as determined by said court.

*Otto Kirchner* and *D. C. Holbrook*, for plaintiffs in error.

*Wilkinson & Post*, for defendant in error.

The Chief Justice.

There is no exception to the conclusion of law complained of. This is indispensable to a review of such conclusion by this court. The judgment below must be affirmed with costs.