VILLAGE OF JONESVILLE *v.* SOUTHERN MICHIGAN TELE-
PHONE CO.

1. TELEGRAPHS AND TELEPHONES—USE OF STREETS—REGULATION
   —MUNICIPAL CORPORATIONS—POWERS.
   A village corporation authorized by its charter to prevent the
   incumbering of streets, etc., in any manner whatever, has
   power to prohibit by resolution a telephone company organ-
   ized under chapter 177, 2 Comp. Laws, as amended by Act
   No. 16, Pub. Acts 1899, from erecting its line upon the main
   business street of the village between certain points, where
   such regulation will not prevent access to the company's pa-
   trons, though it renders such access less convenient and more
   expensive.

2. SAME—REGULATION—MUNICIPAL CORPORATIONS—POWERS.
   Where a municipality, in the exercise of its inherent police
   power, adopts an ordinance reasonably regulating the man-
   ner, character, or place of construction of a contemplated
   line, the telephone company must comply with such regula-
   tions and exercise its right of entry under the general powers
   conferred by the State subject to them.

Appeal from Hillsdale; Chester, J. Submitted Novem-
ber 17, 1908. (Docket No. 110.) Decided December 14,
1908.

Bill by the village of Jonesville against the Southern
Michigan Telephone Company to restrain the erection of
poles in certain streets. From a decree for complainant,
defendant appeals. Affirmed.

*Victor Hawkins*, for complainant.

*H. P. Stewart*, for defendant.

BROOKE, J. Complainant in this cause filed its bill to
restrain the Southern Michigan Telephone Company from
setting a line of poles upon Chicago street, the main thor-
oughfare of the village, in the block between West and

Maumee streets.   After a full hearing the court perpetually enjoined the defendant from the erection of poles upon Chicago street, in said village, between West and Maumee streets.

The material facts in the case are in brief as follows: The defendant company is organized under chapter 177 of the Compiled Laws of 1897, as amended by Act No. 16 of the Public Acts of 1899.   Complainant is a municipal corporation organized under Act No. 60, Laws of 1855, and Act No. 27, Laws 1857, as amended by Act No. 408, Laws 1869.   Chapter 5, § 2, subd. 8, defining the powers of the common council, provides:

"To prevent the incumbering of streets, sidewalks, crosswalks, lanes, alleys, bridges, or other public places in any manner whatever."

The defendant was, at the time the injunction was issued, engaged in the construction of a telephone line extending through the county of Hillsdale and several other counties in the southern part of the State, and was establishing stations in the several cities and villages along its line of construction.   Among other villages which it sought to enter and establish an exchange was the village of Jonesville in the county of Hillsdale.   In constructing said line it approached said village from the west, and, without undertaking to secure any ordinance permitting it to enter the village of Jonesville under proper regulation, proceeded to construct its lines through the village.   Some discussion between the street commissioner, the president of the village, and the foreman in control of the construction, seems to have been had.   But no formal action was taken by the village until after the trouble had occurred, when the village by its council passed a resolution providing that "no poles of any description shall be set in the streets of the village of Jonesville, nor any excavations made therefor, excepting under the direction of the council of said village."   And the street committee of said council has been vested with authority to permit such excavations and the erection of poles at the places selected

by them, provided same are not located on Chicago street between a point 75 feet east of the St. Joseph river and Maumee street. On the day on which the trouble arose, the defendant company was undertaking, against the protest of officers of the village and without any authority from the village, to erect its poles and lines upon Chicago street between West and Maumee streets. The protest of the officers not being heeded, the village authorities called out the fire department, hose was attached to a hydrant, and the workmen employed by the defendant company were driven from their work by means of a stream of water. Some of them were subsequently arrested, the cases against them being still pending. The bill of complaint in the case before us was then filed, a preliminary injunction secured, and upon full hearing the injunction above recited was made permanent.

It is the defendant's claim that the village of Jonesville has no right whatever to prohibit it from erecting its line upon any street in the village it may choose for that purpose. It claims further that when, in the construction of its line, it reached the village of Jonesville, it found there no ordinance regulating the method by which it should construct its line through said village. It therefore claims that it had the right to proceed to the erection of its line, and it avers that the character of the proposed construction was such as could not have been prevented by any reasonable regulation which might have been adopted by the village.

There is only one question raised by the record in this case. Assuming that the council of said village had a right to impose such reasonable regulations as it saw fit, as a condition precedent to the entry of the defendant company, whether or not it could, as one of such reasonable regulations, absolutely prohibit the defendant company from going upon a particular street—in this case Chicago street, between West and Maumee streets. Both parties to this controversy have cited and seem to rely upon the case of *Michigan Telephone Co.* v. *City of*

*Benton Harbor*, 121 Mich. 512 (47 L. R. A. 104). In that case the court says:

"Under this statute [the statute under which the defendant in this case is organized] the sole authority of the municipality is the proper exercise of the police power, inherent in it, to protect the public from unnecessary obstructions, inconveniences, and dangers, and to determine where and in what manner complainant may erect its poles and stretch its wires, so as to accomplish this result. * * * These municipalities may, under this law, prohibit the erection of these poles in places, and in a manner which will injure or incommode the public."

This precise question was under consideration in the case of *City of Marshfield* v. *Telephone Co.*, 102 Wis. 604 (44 L. R. A. 565), where it is said:

"Here was a city of 5,000 people, with waterworks, electric lights, a local exchange, and paved streets. Considerations of local pride seemed to demand that their main business street, in the business center, should be kept clear of obstructions or incumbrances. The board had an undoubted right, in the exercise of a reasonable discretion, to prohibit the incumbering of Central avenue with wires and poles."

In the case of *Village of Carthage* v. *Telegraph Co.*, 185 N. Y. 448, it is said:

"The right to erect these poles and string the wires is not derived from the village authorities, but they are permitted to regulate the erection of the same; that is to say, the location of the poles and the streets to be occupied are, doubtless, within the reasonable power of the village to regulate."

This court has said (*Michigan Telephone Co.* v. *City of Benton Harbor*, supra) a municipality may determine "where and in what manner complainant may erect its poles and stretch its wires, * * * and may prohibit the erection of these poles in places."

Does this power, so defined, confer upon the municipality the right to wholly exclude the poles and wires from a single block of a single street? We think it does, unless

it is made to appear that by the adoption of such a regulation the telephone company is cut off from communication with persons it desires to reach and whom by law it is obliged to serve. The complainant in the case at bar urges that this one block is its main business block, and that to permit it to be incumbered with poles and wires would not only render it unsightly, but would appreciably increase the risk from fire by making it more difficult for the fire department to erect ladders and reach a conflagration. Neither of these considerations is without weight. The mere fact that the route designated by the municipality is less convenient or involves on the part of the telephone company a larger expenditure is of no consequence so long as the company is not thereby prevented from reaching all those it desires to serve or who desire service from it. The record before us fails to disclose this condition. Where a municipality, in the exercise of its inherent police power, adopts an ordinance reasonably regulating the manner, character, or place of construction of a contemplated line, the telephone company must comply with such regulations and exercise its right of entry under the general powers conferred by the State subject to them.

The decree of the court below is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.