THE NEW HOPE TELEPHONE COMPANY, *Appellant,* v. THE CITY OF CONCORDIA *et al., Appellees.*

No. 16,257.

SYLLABUS BY THE COURT.

1. TELEPHONE COMPANIES—*Use of Streets and Highways—Regulation by Cities.* Under existing statutes the right to build a telephone line in and over streets and highways is directly granted by the state, and the mayor and council of a city are powerless to prevent such use. The council has the authority to provide by ordinance reasonable rules regulating the use of the streets and alleys for that purpose by defining where and in what manner a telephone company shall erect and maintain its fixtures.

2. ——— *Request for Ordinance Prescribing Regulations — Rights of Company in Case of Refusal.* It is the duty of a telephone company contemplating the exercise of the right granted by the state to ask the mayor and council to prescribe reasonable regulations of the exercise of the right before placing any of their poles and structures on the streets and other public grounds of the city; but if the mayor and council refuse to prescribe such regulations upon application the company may build its lines upon the streets and alleys in such a manner as shall not incommode the public in the use of the streets and alleys so occupied, and the city authorities are not at liberty to treat the structures so erected as a nuisance.

Appeal from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed January 8, 1910. Reversed.

*T. F. Garver,* and *R. D. Garver,* for the appellant.

*Theodore Laing,* city attorney, *F. W. Sturges,* and *Fred W. Sturges, jr.,* for the city of Concordia.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a controversy between the New Hope Telephone Company and the city of Concordia, as to the right of the company to build a telephone line or lines into and through the city. The company had built and was operating telephone lines in Cloud county outside of the city of Concordia, and on June 16, 1908, applied to the mayor and council of the city for the passage of an ordinance permitting it to build telephone lines into and through the city and to fix the conditions for the exercise of that right, but the application was arbitrarily refused and the company was denied the right to enter the city upon any condition whatever. On November 17 the company, without permission, built its line into the city, placing some of its poles on private property and some of them on public streets, and began to operate and do a telephone business within the city. On the night of November 19 the city and its officers cut down the poles which had been erected and otherwise obstructed the continuance of the business of the company, but the company reconstructed its lines, placing all of the poles on private property and stringing the wires forty feet high, so that they did not interfere with the use of the streets and alleys of the city for other purposes. The city and its officers were about to interfere with the reconstructed line when the company began this action and obtained from the probate judge an order restraining them from interfering with the line or the business of the company. On application the district judge set aside this order, and at the same hearing and without other testimony granted an order enjoining the tele-

phone company from building or maintaining a line within the corporate limits of the city.

There is no dispute as to the facts, and no controversy except as to the rights of the respective parties under the statutes. The company insists that the statute itself has given the company the right to build into Concordia, which is a city of the second class, and that the city is without power to prevent the exercise of this right or to do more than to regulate the construction of the lines and the exercise of the right. The city contends that it may not only regulate but that it may exclude the company from building into the city on any conditions. There is a statute authorizing telegraph companies to use the public roads, streets and waters for the erection of their lines, but in such a manner as not to incommode the public. (Gen. Stat. 1901, § 1342.) The legislature of 1885 provided that telephone companies should have all the rights and powers and be subject to all the liabilities and duties of telegraph companies. (Laws 1885, ch. 104, §§ 1, 2; Gen. Stat. 1901, §§ 1251, 1252.) It has been determined that this act is valid, and that it confers upon telephone companies the right to build into a city and to use the streets for that purpose. (*Wichita v. Telephone Co.*, 70 Kan. 441.) Since that decision was made the following provision affecting telephone companies has been enacted:

"Before any person, firm or corporation shall have the right to enter upon the streets, alleys, public parks and grounds of any city of the second or third class in the state of Kansas for the purpose of piping the same for gas, heat, light, water, or for the construction of any railways, street railways, sewerage system, telephones, or for any other purpose whatsoever, such person, firm or corporation must first procure the passage of an ordinance by the mayor and councilmen of such city granting unto such person, firm or corporation such right or rights, and in which said ordinance shall be defined fully and at length the terms upon which said right is conceded." (Laws 1905, ch. 121, § 2.)

This provision, it will be observed, does not refer to

telegraph companies, and contains no express repeal of the provisions conferring upon telegraph and telephone companies the right to construct lines over streets and public highways. In 1907 there was a general revision of the law relating to private corporations (Laws 1907, ch. 140), and the previous provision giving telephone companies the rights and powers of telegraph companies and subjecting them to the liabilities imposed on telegraph companies by the general law was incorporated in it. In language this provision differs but little from that of the earlier act putting telephone and telegraph companies on the same plane, and that it was but a continuation of the prior statute is manifest from the fact that in the act of revision there was a specific repeal of the provision for which it was substituted. The theory of all these acts appears to be that telephone companies have the right to build their lines into a city and to use the streets for that purpose, under such reasonable regulations as the city council may prescribe. It is contended that, as the act of 1905 requires a telephone company to procure the passage of an ordinance granting the right to enter a city and defining at length the terms upon which the right is to be exercised, it impliedly repeals the general act granting such rights to telegraph companies. The same contention was made in respect to a like statute in *Wichita v. Telephone Co.*, 70 Kan. 441, and it was there held that the later act did not operate as a repeal of the one giving the right, and that it only gave the city a regulating power. Repeals by implication are not favored, and as these acts, taken together, admit of a construction that the state has directly granted telephone companies the right to build over the streets of cities, subject to such reasonable regulation as the council may prescribe, that construction should be adopted. No company should undertake to enter a city and erect poles and string wires over or along streets, alleys or public grounds without making application and a proper effort to pro-

cure the passage of an ordinance defining the manner and place of construction of the contemplated lines. Such an application the council may not deny. It may regulate, but not exclude. The telephone companies get the right directly from the state, and not from the city. The city may prescribe terms and conditions upon which the right granted by the state shall be exercised, but it has no power to annul the right granted by the higher authority. (*Wichita v. Telephone Co.,* supra; *City of Wichita v. Old Colony Trust Co.,* 132 Fed. 641; *The Wisconsin Telephone Co. v. The City of Oshkosh,* 62 Wis. 32; *The State ex rel. The Wisconsin Telephone Co. v. City of Sheboygan,* 111 Wis. 23; *Wisconsin Tel. Co. v. Milwaukee,* 126 Wis. 1; *Northwestern T. E. Co. v. City of Minneapolis,* 81 Minn. 140; *Telephone Co. v. Benton Harbor,* 121 Mich. 512; *Telephone Co. v. City of St. Joseph,* 121 Mich. 502; *Village of Jonesville v. Southern Mich. Tel. Co.,* [Mich. 1908] 118 N. W. 736; *Vil. of Carthage v. Central N. Y. Tel. Co.,* 185 N. Y. 448; *American Union Telegraph Co. v. Town of Harrison,* 31 N. J. Eq. 627.)

The company should renew its application to the city council for the passage of an ordinance fixing the conditions upon which it may occupy the streets, but if no ordinance is passed the company is entitled to proceed to exercise the right conferred by the state, being careful to erect its poles and string its wires in such a manner as shall not incommode the public in the use of the streets for other purposes.

The order of the district judge is reversed.