UNION TELEPHONE CO. *v.* INGERSOLL.

1. APPEAL AND ERROR — ASSIGNMENT OF ERROR — TRIAL WITHOUT
   JURY.
   Usually an assignment of error that the facts found do not
   support the judgment of the trial court, sitting without
   a jury, is necessary to review the finding of the court, but
   in a case where the assignment was that the findings of
   fact did not support the findings and conclusions of law,
   and where the only finding of law was that plaintiff was
   entitled to judgment, this court may treat the assign-
   ment of error as sufficient.

2. TELEGRAPHS AND TELEPHONES — CONSTITUTIONAL LAW — PUBLIC
   POLICY—CONTRACTS—VALIDITY.
   In an action by a telephone company for rental due from
   a subscriber under its written contract of service, the
   defendant could not defeat plaintiff's recovery by the con-
   tention that plaintiff had not procured a franchise from
   the township, as required· by Art. 8, § 28, of the Consti-
   tution; only the public is entitled to raise the objection.

Error to Clinton; Davis, J., presiding. Submitted
November 12, 1913. (Docket No. 92.) Decided De-
cember 20, 1913.

Assumpsit by the Union Telephone Company
against Eric Ingersoll. Judgment for plaintiff, and
defendant brings error. Affirmed.

*Dean W. Kelley* and *Charles M. Merrill,* for appel-
lant.

*Lyon & Moinet,* for appellee.

BROOKE, J. The controversy here involved may be
fully understood from a perusal of the findings of fact
and law filed by the learned circuit judge, who heard
the case without a jury. They follow:

"(1) That on or about April 2, 1909, the parties made and entered into a contract in writing, dated April 2, 1909, by which the plaintiff agreed to install and maintain at the residence of defendant in the township of Greenbush, in said county of Clinton, one telephone for the period of five years upon a rental of $20 per year in quarterly payments, and subject to a rebate of 50 cents per quarter if paid at the company's office, in St. Johns, on or before the middle of the first month of each current quarter, a copy of which said contract is set out in the declaration in this cause.

"(2) That afterwards, and some time during the fall of the year 1909, plaintiff installed a telephone at the residence of the defendant in accordance with the provisions of the contract referred to, and the instrument was connected with the St. Johns exchange of the company, and ready for service on December 24, 1909.

"(3) That prior to January 1, 1909, plaintiff was maintaining a telephone exchange at St. Johns and a telephone system along the highways throughout Clinton county, including said township of Greenbush, wherein it then had upwards of 40 miles of poles and wires thereon along the public highways. And that to install the telephone in question the company was required to build, and built of new construction, about a mile and a quarter of telephone line east along the public highway from the residence of John Krepps, in said township, up to which point on that highway the company already and prior to January 1, 1909, had an existing line, and had a telephone installed. The company also had telephones to the number of 50 to 100 installed and in use to the west, north, northeast, east, and south of defendant's residence prior to January 1, 1909, including quite a number of the village of Eureka to the north and east of defendant's residence.

"(4) That upon constructing said line to defendant's residence, it continued south along the highway one-half mile (and about 10 or 15 rods further south, to reach a subscriber) and thence east along the highway one-half mile (and south about 20 rods to reach a subscriber), and thence north one-half mile along the highway, and thence further north about 20 rods,

to reach the residence of A. L. Tripp. Nine telephones were originally installed on this line so constructed upon five-year contracts, at the same rate as defendant agreed to pay. And later the line was extended from Tripp's to connect with other portions of plaintiff's system.

"(5) That plaintiff has maintained said telephone at the residence of defendant in accordance with the terms of the contract continuously since said instrument was installed.

"(6) That plaintiff company reduced its rates to rural subscribers to $15 per year rental, on or about January, 1912, and at some time during that month offered to enter into a new contract with defendant in lieu of the existing contract, to terminate at the same time as the existing contract, but to be at the rate of $17 per year, payable quarterly, and subject to rebate, as provided in the existing contract and the other contracts, and that defendant declined to avail himself of that offer of plaintiff, and stated to plaintiff's district manager that the existing contract was good enough for him.

"(7) That afterwards, and on January 29, 1912, defendant notified plaintiff company to remove the telephone from his residence, on the 1st of April, 1912.

"(8) That later, and on April 27, 1912, defendant notified the district manager of plaintiff, at St. Johns, in writing, that it had not yet removed his telephone as ordered, that it had neglected it, and he was done paying for it, and that it should remove the telephone at once, as he would not use it after that date.

"(9) That plaintiff did not remove the telephone, but maintained it and afforded defendant proper opportunity to use the same in accordance with the terms of his contract until and after July 1, 1912.

"(10) That upon the installation of the telephone in question the rental was paid and adjusted, so that the quarterly payments came due on the 1st of January, April, July, and October of each year.

"(11) That after July 1, 1912, plaintiff requested defendant to pay the rental for the quarter commencing April 1, and ending July 1, 1912, which was conceded by defendant in open court, and also that the rental was not paid.

"(12) Plaintiff did not have or obtain any franchise from the township of Greenbush for the maintenance of its telephone system within said township as constructed prior to January 1, 1909. Nor did it have or obtain any such franchise for the construction of the line in question. Nor did it obtain the consent of the lawful authorities of said township to use the highways for its poles and wires prior to January 1, 1909, nor thereafter.

"(13) Plaintiff brought its action in justice's court to recover the rental for the quarter in question; and the case comes into this court on appeal by defendant from a judgment recovered against him in justice's court.

"(14) From the foregoing facts I conclude and find that the plaintiff is entitled to a judgment for $5 rental for the period in question, and 18 cents interest, and award plaintiff a judgment for that amount and its taxable costs, including an attorney fee of $25."

Defendant filed the following assignments of error:

"(1) Because the findings of fact made by the trial judge in the foregoing proceedings do not support the findings and conclusions of law made by the said circuit judge as aforesaid.

"(2) And because the contract upon which the action herein is founded was and is illegal and void, so that no action could or can be founded thereon, and the same will not sustain a recovery in this cause.

"(3) And because the claim of the plaintiff and appellee, as appears in the proceedings had in said cause, was and is void as against public policy."

At the outset it is urged by appellee that the judgment should be affirmed because there is no assignment of error that the facts found do not support the judgment. Technically this position would seem to be correct, as the first assignment of error is that the findings of fact "do not support the findings and conclusions of law," no reference being made therein to the judgment. An assignment of error practically identical with this one was considered in *McMillan* v. *Cheese Factory*, 23 Mich. 544, and a review of the

judgment refused. See, also, *Weist* v. *Morlock,* 116
Mich. 606 (74 N. W. 1012). But in the case at bar
the only conclusion of law reached by the learned cir-
cuit judge was that plaintiff was entitled, under the
facts found, to a judgment. We think the ends of
justice will be better served by treating the first as-
signment as alleging that the facts found do not sup-
port the judgment rendered. This course is in line
with that taken by the court in *Hubbard* v. *Garner,*
115 Mich. 406 (73 N. W. 390, 69 Am. St. Rep. 580),
where leave was granted to appellant to include an
assignment which would raise the question.

Prior to the adoption of the new Constitution which
became the fundamental law of the State on January
1, 1909, telephone companies had the right to occupy
public highways within the State without first obtain-
ing from the municipality a franchise *(Michigan
Telephone Co.* v. *City of Benton Harbor,* 121 Mich.
512 [80 N. W. 386, 47 L. R. A. 104]), subject, how-
ever, to the right of the municipality to impose rea-
sonable rules and regulations governing the erection
and maintenance of poles and wires. *Village of Jones-
ville* v. *Telephone Co.,* 155 Mich. 86 (118 N. W. 736,
130 Am. St. Rep. 562, 16 Am. & Eng. Ann. Cas. 439),
and cases cited. The Constitution, § 28, art. 8, pro-
vides:

"No person, partnership, association or corporation
operating a public utility shall have the right to the
use of the highways, streets, alleys or other public
places of any city, village or township for wires, poles,
pipes, tracks or conduits, without the consent of the
duly constituted authorities of such city, village or
township; nor to transact a local business therein
without first obtaining a franchise therefor from such
city, village or township. The right of all cities, vil-
lages and townships to the reasonable control of their
streets, alleys and public places is hereby reserved to
such cities, villages and townships."

Briefly stated, the contention of appellant appears

to be that the plaintiff, because it failed to secure a franchise from the township of Greenbush after the new Constitution went into effect and before the contract sued upon was entered into, should be denied the use of the courts to enforce said contract. The contract itself is not attacked as unfair or in any manner discriminatory.

The further claim of appellant that the contract is void because entered into in violation of the statute (Act No. 72 of the Public Acts 1883, as amended by Act No. 301 of the Public Acts 1909) may be dismissed, as the amendatory act did not become law until after the execution of the contract.

The meritorious point presented by the record is that involving defendant's right to raise the constitutional question. We are of opinion that defendant has no such right, but that it must be raised by the State or one of its agencies. It must be presumed that, at the time the contract was executed, defendant knew the law, nevertheless he engaged with plaintiff in an undertaking involving, on the part of plaintiff, the expenditure of a considerable sum of money, the beneficial results of which have been enjoyed by defendant. Section 2 of the schedule of the new Constitution provides that the "rights of individuals, and of bodies corporate, * * * which shall not have been heretofore forfeited or become subject to forfeiture shall continue," etc. How far this provision protects plaintiff in the right to prosecute its business, already established, it is unnecessary to determine if we are correct in holding that defendant cannot question that right. If plaintiff, in making the extension required to be made under the contract, has violated the law, either statutory or constitutional, that fact may afford a reason for the forfeiture of its charter at the instance of the governmental authorities, but it does not invalidate the contract. *Fifth Nat. Bank* v. *Pierce,* 117 Mich. 376 (75 N. W. 1058). See, also,

*Butterworth & Lowe* v. *Milling Co.,* 115 Mich. 1 (72
N. W. 990) ; *Wyandotte Electric Light Co.* v. *City of
Wyandotte,* 124 Mich. 43 (82 N. W. 821, and cases
cited) ; and *International Harvester Co.* v. *Eaton Cir-
cuit Judge,* 163 Mich. 55 (127 N. W. 695, 30 L. R. A.
[N. S.] 580, Ann. Cas. 1912A, 1022).

The judgment is affirmed.

STEERE, C. J., and MCALVAY, KUHN, STONE, OS-
TRANDER, and BIRD, JJ., concurred. MOORE, J., did
not sit.