| | |
|---|---|
| 10 | 575 |
| 41a | 676 |
| 10 | 575 |
| 133 | 552 |
| 10 | 575 |
| 145 | 426 |

## McINDOE vs. CITY OF ST. LOUIS.

In an action of ejectment brought by the City of St. Louis, for a lot purchased by the city, the defendant cannot set up the illegality of the ordinance authorizing the purchase. The acceptance of the deed by the city vests the legal title in her, whether the ordinance be valid or void.

## ERROR to St. Louis Circuit Court.

SIMMONS, *for Plaintiff, insists:*

It is an an inflexible rule, to which there is no exception, that in an action of ejectment it devolves upon the claimant to show a good and sufficient legal title to the premises sought to be recovered. If there be any weakness or defect in the claim of the defendant, the plaintiff will not be assisted by it. Adams on Ejectment, p. 28, 285; 9 John. Rep., p. 55; 4 John., 483; 2 Overton, 185, 334; 3 Watts, 95, 151; 1 Marsh, 251; 6th Binney, 434; 3 Litt. Rep., 25; 8 Cowen, 543; 6 Wen., 666; 5 Wen., 572; 3 Serg. & Rawles, 283; Tomlin's Law Dictionary, p. 617.

**Knox,** *for Defendant, insists:*

1. The judgment of the St. Louis Circuit Court, which the defendant seeks to reverse, is not a *final* judgment, and that no writ of error lies to reverse the same. Rev. Stat. of 1845, page 901; 3 Wheaton, 433, Houston vs. Moore.

2. That ordinance No. 1494, authorizing the purchase of the lot in question, was not "a tax bill," nor "a bill appropriating the sum of five hundred dollars or upwards," nor "a bill in any wise increasing or diminishing the city revenue," and did not require for its passage a majority of all the members elected of each board of the City Council, as is provided in City Charter, article 2nd, sec. 21.

3. If the said ordinance No. 1494 did require a majority of all the members elected of each board, the defendant, McIndoe, cannot avail himself in this action of the alleged irregularity in the passage of said ordinance, and the judgment of the Circuit Court, in reversing the decision of the St. Louis Court of Common Pleas, for admitting the evidence upon this subject, was not erroneous.

4. The legal title to the lot of ground in question was vested in the plaintiff, the city of St. Louis, by the deed from A. Valle and wife, even if the bonds issued by said city for the same were absolutely void.

**Napton, J.,** *delivered the opinion of the Court.*

This was an action of ejectment brought by the city of St. Louis to recover a lot of ground in possession of the defendant. The suit was first tried in the Court of Common Pleas, where the plaintiff suffered a non-suit, and upon failing to have the non-suit set aside, the case was removed by writ of error to the Circuit Court. The trial in this court resulted in a verdict and judgment for the plaintiff.

The property originally belonged to the estate of Therese Cerre Chouteau, deceased, and was sold by her administrator to one Amade Valle, who conveyed the same by deed to the city of St. Louis. The defendant had occupied the premises for some time previous to the commencement of the suit, as a tenant under the administrator of Mrs. Chouteau's estate.

The defence set up in the court below was, that this lot or part of a block was purchased, or attempted to be purchased, by the city authorities, at the price of fifty thousand dollars, by virtue of an ordinance of the city, entitled "An ordinance authorizing the purchase of a part of Block No. 7;" and that this ordinance was a nullity, because it had not passed the Board of Aldermen by the number of votes required by the charter to pass "a tax bill" or "a bill appropriating for any purpose a sum of five hundred dollars or upwards, or a bill increasing or diminishing the city revenue."

This defence not availing the party in the court below, the case is brought here by writ of error.

The counsel for the plaintiff in error has discussed at length a variety of questions growing out of the character of defence which he proposed to make in the Circuit Court, and which he insists on here. His main position is, that the ordinance under which this purchase was made was an ordinance appropriating money to the amount of five hundred dollars and upwards, and that in effect it was a tax bill, and therefore required a majority of all the members of the Board of Aldermen to pass it; that inasmuch as the ordinance did not receive this majority, but only a majority of members present, it was void and gave no authority to the city officers to make the purchase which they did. From these facts, he infers that the city never accepted the deed, and therefore has no title.

We do not think it necessary to investigate these questions. This is an action of ejectment, and the question is, who has the legal title? The power of the city of St. Louis to take and hold real estate under its charter, is not denied. The city has shown a *prima facie* legal title—a deed from the former proprietor, whose title is not disputed. It is in vain to say that the city has not accepted the deed, when the very institution of this suit, and the presentation of the deed to the court and jury, on the part of the city, contradicts any such supposition. The only tendency of the facts given in evidence by the defendant, and the argument based on them, is to show a breach of the city charter by the city authorities in appropriating fifty thousand dollars to pay for the lot. What has this to do with the legal title? What propriety is there in investigating such questions in an action of ejectment? If Amade Valle had thought proper to convey this block of ground to the city of St. Louis, without any pecuniary consideration at all, we suppose such conveyance would invest the city with the legal title. Whether the consideration be one dollar or fifty thousand dollars, and whether the city has paid the consideration or can ever be compelled to pay it, are matters which do not concern this defendant, in his character of defendant to an action of ejectment. As a citizen of St. Louis, and a member of the corporation whose acts are alleged to be violatory of their charter, he can undoubtedly have these questions determined judicially, whenever he brings them before a court in such a shape as the law points out. They do not arise in this form of action. If the ordinance numbered 1494 had never had any existence, or be conceded to be a nullity, it would not divest the city of St. Louis of a legal title acquired by a legal conveyance; nor would the fact supposed prevent a legal title from vesting in the city.

The other Judges concurring, the judgment is affirmed.