## Corser *v.* Hale & Morrow, Appellants.

*Evidence—Contract—Offer—Acceptance.*

The acceptance by plaintiff of an offer by defendant to purchase stock, alleged to be contained in a letter written by the plaintiff to defendant which is not produced, is not proven by a letter, produced, from the defendant to plaintiff acknowledging receipt of a letter from plaintiff " concerning stock," and containing a withdrawal of the offer and a suggestion that it might be renewed later.

*Damages—Measure of, for breach of agreement to purchase stock—Evidence.*

Where there is no formal tender of the stock, the measure of damages, in an action for breach of contract to purchase, is the difference between the contract price and the market value of the stock at the time and place of delivery, with interest.

The value of the stock cannot be proven by testimony that a certain person had dealt in the stock and had stated its value to the witness.

Argued March 16, 1892. Appeal, No. 218, Jan. T., 1892, by defendants, James T. Hale and John P. Morrow, late trading as Hale & Morrow, from judgment of C. P. Bradford Co., Sept. T., 1890, No. 72, on verdict for plaintiff, John F. Corser. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit for breach of contract to purchase stock.

On the trial before PECK, P. J., plaintiff was permitted to testify, under objection, that one Striker lived in Duluth, where the company in question was located, and had dealt in its stock, and had told the plaintiff that there was no sale for it. [3]    On cross-examination, plaintiff stated that Striker had told him this " it might have been 6 months or a year " after he sold the stock to Morrow.    Counsel for defendant then moved to strike out the evidence in regard to what Striker said about the stock, which the court refused. [4]    Defendant offered no evidence, but asked for a compulsory nonsuit, which was refused. [6]

The court charged the jury in part as follows :

" Now, gentlemen, the first thing for you to ascertain is did Mr. Morrow, on the 20th of February, 1888, offer to take this stock. . . .

[" If you find that fact, the next fact for you to ascertain is did Mr. Corser accept that offer ?    The letter which Mr. Corser wrote to him is not in evidence, and unless you can infer, or unless you can find from the evidence of the letter which Mr. Morrow wrote back to Mr. Corser, unless you can find from that which was written 5 days afterward that this was accepted, or some evidence in this case then you need go no further, because if Mr. Corser did not accept this offer of course Mr. Morrow was under no obligations to take it, but if you find from the evidence that he did accept his offer ; if before Mr. Morrow wrote this letter Mr. Corser wrote him a letter accepting his offer of $3.00 a share, then the contract was complete, and the withdrawal or the refusal to take it by Mr.' Morrow on the 5th would be too late.

" If, on the other hand, Mr. Morrow wrote this letter before Mr. Corser accepted his offer, then it would be a withdrawal of the offer upon his part.    The contract not having been accepted before the withdrawal, it would then be at an end.

" If you find from the evidence in this case, and the evidence in this letter is substantially, I think, all the evidence that I can call to mind, but you will remember it all, if you find that that offer was accepted, then I say to you that the contract was complete,] [1] and if Mr. Morrow refused to take the stock as a member of the firm of Hale & Morrow, then the firm was liable for any damages Mr. Corser sustained in consequence of that refusal.

[" We think the measure of damages in a case of that kind would be the difference between the offer of $3 per share, and what the stock was worth. There is very little evidence as to what the value of this stock was, if any. Mr. Corser gives you the result of his inquiries, but how near the time of this acceptance I do not understand exactly from the evidence, as Mr. Corser is unable to fix dates. After this offer of the 20th February, 1888, of the subsequent conversation he is unable to fix the date of it, so I am unable to tell just what time it was; that the value of this stock was fixed by the slight evidence that has been given. If you can find from this evidence what the value of the stock was at the time this offer was accepted, if it had any value, then I say the difference between the actual value of this stock and $3.00 a share is the measure of damages.] [2, 5]

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were, (1, 2, 5) the portions of the charge as above in brackets, quoting them; (3, 4) admitting and refusing to strike out evidence as above; (6) overruling motion for nonsuit; (7) submitting the case to the jury under the evidence.

*I. McPherson*, with him, *E. J. Angle, J. H. & J. W. Codding,* for appellants.

*S. W. Little*, of *S. W. & Wm. Little,* for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, May 23, 1892.

We think the evidence submitted in this case was not sufficient to justify a finding that Hale and Morrow agreed to buy Corser's stock in the Vermillion Land and Iron Co. It shows that on Feb. 20, 1888, Morrow offered to buy this stock at three dollars per share; that Corser did not then accept it, and that Morrow said, " I will leave this offer open; "' that on Feb. 22, 1888, Corser wrote to Morrow from Boston, and on the 25th of that month Morrow wrote to Corser from Philadelphia, as follows: " Your letter concerning stock received yesterday; I have just notified Mr. Berkley that, owing to word received from Hale, we will need all our money for use during next thirty days, and therefore it will be impossible for me to take the stock now, as I thought I could. Later on I may be in shape to renew the offer." From this letter alone the jury was al-

lowed to find that Corser had accepted Morrow's offer to purchase the stock. It will be noticed that all it contains is an acknowledgment of a letter from Corser " concerning stock," a withdrawal of the offer to buy, and a suggestion that it might be renewed later. The letter is consistent with the absence of any acceptance of a previous offer, and with a proposition to sell the stock on other terms. Better and more satisfactory proof of Corser's letter of Feb. 22d is attainable, and he must make it if he would succeed in his action. If the letter is lost or destroyed, or if the appellants fail to produce it on notice, evidence of its contents may be given. If Striker is qualified to speak intelligently of the property and financial condition of the Vermillion Land and Iron Co. or of the value of its stock, he may be a competent witness on the subject of the damages arising from a breach of the alleged contract, but what he said to the appellee in regard to these matters is clearly inadmissible. As in this case there was no formal tender of the stock to the purchaser, the measure of the damages recoverable in it is the difference between the contract price and the market value of the stock at the time and place of delivery, with interest: Am. & Eng. Ency. of Law, vol. 5, p. 30 ; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536. The 1st, 2d, 3d, 4th, 5th and 7th specifications of error are sustained, and the 6th is dismissed.

Judgment reversed, and venire facias de novo awarded.