# OCTOBER TERM, 1897.*

BUTTERWORTH & LOWE *v.* KRITZER MILLING CO.

1. CORPORATIONS—ULTRA VIRES—MORTGAGES.

> A corporation cannot defeat the foreclosure of a mortgage executed by it by showing that it was not authorized by the statute under which it was organized to acquire title to the real estate mortgaged.

2. SAME—CONTRACT OF GUARANTY.

> The provision of 3 How. Stat. § 4161a1, that the articles of association of a manufacturing corporation shall state the purposes for which it is formed, and that it shall not be lawful for it to divert its operations or appropriate its funds to any other purpose, was incorporated for the protection of the public, and does not operate on the contracts of the corporation so as to prevent it from foreclosing a mortgage given to secure it against liability under a contract of guaranty, which, although *ultra vires*, was entered into with the assent of all of its stockholders, and which it has fully performed by paying the obligations guaranteed.

Appeal from Newaygo; Palmer, J. Submitted October 7, 1897. Decided November 17, 1897.

Bill by Butterworth & Lowe against the Kritzer Milling Company and others to foreclose a mortgage. From a decree for complainant, defendant milling company appeals. Affirmed.

*Rood & Hindman*, for complainant.

*A. G. Day* and *George Luton*, for appellant.

MONTGOMERY, J. The complainant is a Michigan corporation engaged in the manufacture and sale of machinery. The defendant milling company is a corporation

---

* Continued from Vol. 114.

engaged in the milling business at Newaygo. Each of these corporations was formed under Act No. 232 of the Public Acts of 1885.

The present bill was filed to foreclose a mortgage given by defendant to complainant under the following circumstances: Complainant was desirous of employing C. C. Kritzer, who was at the time manager of the defendant company. The defendant company had a line of credit at the Old National Bank amounting to about $12,000. The bank refused to continue this line of credit if C. C. Kritzer should leave the management of the Kritzer Milling Company to others. Complainant, in order to secure the services of Kritzer, guaranteed the amount of the notes to the bank, under an agreement that complainant should be protected by a mortgage on defendant's property, which mortgage was accordingly given, conditioned to well and truly pay and take up, or cause to be paid and taken up, all notes, drafts, obligations, or indebtedness which the Kritzer Milling Company then owed or should thereafter owe to the Old National Bank, and to save and hold harmless and indemnify the complainant from all damage or expense of any kind by reason of its having become surety. This mortgage was accompanied by a bond with similar conditions. All the stockholders of both companies knew of and assented to the arrangement. Default was made by defendant in the payment of its obligations to the bank. Complainant thereupon paid the obligations upon which it was guarantor, and brings this proceeding to foreclose the mortgage. Decree passed for complainant, and defendant appeals, contending, first, that as the articles of incorporation of the Kritzer Milling Company stated its purpose to be the operating of a flour, feed, and grist mill, and carrying on a general mercantile business, and the operating of a farm or farms, it could not acquire the title to the real estate which it subsequently mortgaged to complainant, and further contending that as the complainant, in its articles of incorporation, stated its business to be manufacturing, buying, and selling mill

and other machinery and merchandise, its undertaking as guarantor of defendant's obligations was *ultra vires* and unlawful, and that the mortgage was a simple mortgage of indemnity, and that, this being so, the payment made by complainant to the bank was voluntary, and that the complainant is not entitled to enforce the mortgage.

The first contention of the defendant is clearly without force, and does not merit extended discussion. See *National Bank* v. *Matthews*, 98 U. S. 621; *Leazure* v. *Hillegas*, 7 Serg. & R. 313; *McIndoe* v. *City of St. Louis*, 10 Mo. 575.

Counsel for defendant are in error in saying that the mortgage in question is a simple mortgage of indemnity, and nothing more. It is conditioned for and contains a covenant to pay its obligations to the bank. Under such conditions the creditor is, as a general rule, entitled, by substitution, to the benefit of the security. See Sheld. Subr. § 154 *et seq.* Whether this rule would obtain in a case where the supposed surety was under no legal obligation to the creditor, we do not decide. The question whether this undertaking of defendant can be enforced, the complainant having performed on its part, is the meritorious question in the case. The statute under which complainant was organized, in section 2 (3 How. Stat. § 4161a1), provides that the articles of association shall state "the purpose or purposes for which the corporation is formed, and it shall not be lawful for said corporation to divert its operations or appropriate its funds to any other purpose, except as hereinafter provided." The question presented is whether this provision was intended to operate upon the contracts of the corporation, or was incorporated into the statute for the protection of the public. We think that the latter view is the correct one. A similar question has been presented under the national banking act, two sections of which have been construed at different times by the national Supreme Court. By the 29th section of the act, it is provided that the total liabilities to any association of any person shall at no time

exceed one-tenth of the total amount of the capital stock of such association paid in. In *Gold-Mining Co.* v. *National Bank*, 96 U. S. 640, it was held that a basis of loans beyond the proportion specified would not enable the borrower to avoid the payment of money actually received. In *National Bank* v. *Matthews*, 98 U. S. 627, the court, in considering the effect of a mortgage which the bank was not authorized to take, said:

"The statute does not declare such a security void. It is silent upon the subject. If Congress had so meant, it would have been easy to say so; and it is hardly to be believed that this would not have been done, instead of leaving the question to be settled by the uncertain result of litigation and judicial decision."

So in this case it is noticeable that it is not declared that contracts made by the corporation for other than defined purposes shall be void. The purpose of the statute, as we construe it, is the protection of the public and the stockholders. Undoubtedly, any excess of the powers defined is unlawful, to the extent of subjecting the offending corporation to action by the State, or other appropriate proceeding. The fact remains that this contract was *ultra vires*, but not only was it entered into with the full assent of all the stockholders of complainant, as well as those of defendant, but on the part of complainant it has been fully performed. In *Martin* v. *Manufacturing Co.*, 122 N. Y. 165, it was held that, if an accommodation indorsement is made by a corporation with the knowledge and assent of all the directors and stockholders, the indorsement is valid and enforceable; and the case of *St. Louis Drug Co.* v. *Robinson*, 10 Mo. App. 588, affirmed in 81 Mo. 18, is directly in point. In that case the mortgage being foreclosed was given to secure the plaintiff for a sum of money paid because of plaintiff's indorsement of defendants' notes for accommodation. In that case it was held that where a corporation indorses notes for another, and is compelled to pay them, the party for whose benefit the indorsement was made cannot, in the absence of an express

prohibition in the governing statute against such indorsements, invoke the doctrine of *ultra vires* as a defense against the enforcement of a chattel mortgage given to secure the corporation against liability on the notes. See, also, *Dewey* v. *Railway Co.*, 91 Mich. 351.

The decree of the court below will be affirmed, with costs.

The other Justices concurred.