DENNISON v. KEASBY et al., Appellants.

Division One, December 22, 1906.

1. **SPECIFIC PERFORMANCE: Agreement to Issue Stock in Corporation: Variation from Plan.** Plaintiff entered into an agreement with defendant to organize a corporation, and was to receive five per cent of the capital stock for his services. The company was organized and one-half of its stock issued to defendant. *Held*, that the contract being substantially performed, whatever variation from the original plan was brought about by defendant should not prejudice plaintiff's right to recover.

2. ———: ———: **Suit at Law.** Where the evidence shows that none of the stock of the corporation is on the market, and there is no available way of proving the value of the stock or the amount of plaintiff's damages resulting from a breach of a contract between him and defendant by which he was to receive five per cent of the capital stock for promoting and organizing a corporation, the remedy at law is inadequate and specific performance will· be decreed.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

Affirmed.

*Thomas Dolan* for appellants.

(1) ·In cases of specific performance, it is necessary to allege and prove the contract with the greatest particularity. "Specific performance of a contract cannot be decreed on doubtful evidence." Chany v. Ins. Co., 62 Mo. App. 49; Wendover v. Baker, 121 Mo. 290; 2 Beach, Mod. Eq. Jur., secs. 582, 584. (2) The presumption in suits relating to specific performance of a contract relating to personal property, is that the court has not jurisdiction. It devolves on the plaintiff to plead and prove the inadequacy of the legal· remedy. 2 Pomeroy, Specific Per., sec. 2; 2 Story, Eq. Jur. (13 Ed.), sec. 17. (3) There is no evidence of performance by plaintiff of the terms of any contract. This prerequisite is necessary to recovery.

*C. V. Buckley* for respondent; *C. S. Owsley* of counsel.

(1)' On the merits of the case there can be no ground for reversing this judgment. The evidence is clear as to the contract between respondent and appellant, and as to the amount of the capital stock each should receive, that is, five per cent of the entire capital stock, and the capital stock of the Middle West

Brewing Company is $400,000, giving to each $200,000. This contract is in writing, signed by respondent and appellant; the only change from the original contract being in the name, that is, the Middle West Brewing Company being substituted for the Missouri National, and the amount of the capital stock being $400,000, instead of $300,000. The defendant Keasby, being in condition to comply with his contract, that is, having the necessary stock to turn over to the respondent, the facts calling for specific performance could not be more thoroughly proven than in this case, and specific performance is the proper remedy. The evidence shows that there is none of this stock on the market, hence you could not ascertain its value nor determine the plaintiff's measure of damages. In addition to this, our courts have held that either remedy may be pursued, that it is entirely optional with the plaintiff. Keller v. Eureka, 43 Mo. App. 84; Withers v. Bank, 67 Mo. App. 115; Watson v. Woody, 56 Mo. App. 145; Smith v. Pilot M. Co., 47 Mo. App. 409; Roll v. St. Louis, 52 Mo. App. 60. The commentaries are equally clear on this point. Waterman, Specific Performance of Contracts, sec. 19; 2 Beach on Corporations, secs. 551, 624; 1 Cook on Stock and Stockholders, secs. 334 to 340. (2) This stock of respondent is held in trust for him by Keasby and the Brewing Company. It belongs to respondent. They have no right to it or interest in it. The stock is not on the market. There is no way of obtaining it or determining its value, or measuring the respondent's damages. All objections to the decree are met in Krohn v. Williamson, 62 Fed. 869, and in the case of patents involving the same principle, in Electric, etc., Co. v. Gill, etc., Co., 125 Mo. 140.

VALLIANT, J.—This is an appeal by defendant Keasby from a decree of the circuit court of Jasper

county, awarding the plaintiff capital stock to the amount of $20,000 in the defendant corporation, as in specific performance of a contract between plaintiff and defendant Keasby.

The petition states the case in effect as follows:

Plaintiff and defendant Keasby entered into a contract to organize a corporation to purchase the property and business of the Joplin Brewing Company and to erect and operate a large brewery in Joplin. Keasby was to enlist the interest of capitalists to obtain the financial means necessary, and plaintiff was to render his personal services in promoting the project, and for his services the plaintiff was to be given five per cent of the capital stock. The plaintiff rendered the services promised, Keasby enlisted the necessary money interest resulting in the organizing of the defendant corporation, the Middle West Brewing. Company, under the laws of Missouri with a capital stock of $400,000, and in the purchase by the latter of the property and business of the Joplin Brewing Company. But defendant Keasby so conducted the organization of the corporation as that the plaintiff was left out of its list of shareholders and got none of the stock, but Keasby took to himself and now holds stock to the amount of $200,000, par value. There is none of the stock on the market and plaintiff is without remedy unless the court will compel Keasby to perform the contract specifically.

Defendant Keasby's answer was a general denial; if there was any answer for the other defendants the abstract does not show it.

By stipulation of the parties, certificates of stock to the amount of $20,000 par value, as claimed by the plaintiff, were issued by the defendant the Middle West Brewery Company to the clerk of the circuit court, as trustee, to abide the judgment of the court in this case, and to be assigned to the plaintiff to satisfy his claim

if the court should decree in his favor; the court did so decree and ordered the clerk to assign the stock to the plaintiff. The appeal is from that judgment.

The evidence at the trial justified the finding by the court of the issues in favor of the plaintiff. The contract as alleged was substantially proven and the plaintiff rendered important services in the promotion of the enterprise. The contemplated corporation was not formed exactly as planned, but its formation as it. was, with its variation from the original plan, was the work of the defendant, and should not prejudice the plaintiff's right. The parties have achieved substantially what they started out to accomplish.

The defense is made that the plaintiff's remedy is at law for a breach of the contract and not in equity for a specific performance.

The evidence shows that there is none of this stock on the market and there is no way, at least no available way, of proving the value of the stock or the amount of plaintiff's damages resulting from a breach of the contract. Under such circumstances the remedy at law is inadequate and a specific performance will be decreed. [Waterman on Specif. Perf., sec. 19; Johnson v. Brooks, 93 N. Y. 337; Frue v. Houghton, 6 Colo. 318.]

The judgment is affirmed.

All concur.