COLE *v.* COLE REALTY CO.

1. CORPORATIONS—STOCK AND STOCKHOLDERS—CONTRACTS—ULTRA
   VIRES—SPECIFIC PERFORMANCE—ESTOPPEL TO QUESTION.
       A contract executed by a corporation to buy the stock of one
   of the directors and stockholders, authorized by all the stock-
   holders in good faith, and having no tendency to prejudice
   creditors, is not *ultra vires,* and may be specifically enforced.
   The stockholders are estopped to question its validity.[1]

2. SPECIFIC PERFORMANCE—JURISDICTION OF CHANCERY—EQUITY
   —JURY TRIAL.
       That issues of fact are involved is not a sufficient ground for
   remitting complainant to his remedy at law.

3. SAME—ADEQUATE REMEDY AT LAW—SALES.
       For breach of a contract to buy stock of a corporation having
   a market value, or readily saleable on the market, complain-
   ant's remedy at law is adequate.

4. SAME—SALES—EQUITY.
       Specific enforcement of a contract to purchase personal prop-
   erty may be decreed where the subject-matter is difficult to
   obtain, of sentimental value, rare, or not procurable in the
   market, or under other peculiar circumstances, such as ren-
   der the remedy at law incomplete or inadequate; corporate
   stock not easily obtainable and having no market value is
   within the rule.

5. SAME—MUTUALITY OF REMEDY—STOCK.
       While equity may with less readiness enforce specifically the
   contract in favor of the vendor, it will grant the remedy in
   case the same relief is open to the vendee, on the theory that
   mutual obligations should afford mutual remedies.

6. SAME—PLEADING—DEMURRER.
       Upon demurrer to complainant's bill which lacked averments
   that the stock was difficult to obtain, or had no market
   value, it sufficiently showed a right to relief by averring that
   defendant was a close corporation, owned and controlled by
   members of a family, that complainant had partly performed

[1] Right of corporation to purchase its own shares of stock, see notes
in 25 L. R. A. (N. S.) 50; 30 L. R. A. (N. S.) 694.

his contract by refraining from participating in the business of such corporation as director, and permitting the other stockholders to pursue a policy that he had persistently opposed, and had tendered to them his stock.

7. SAME—INJUNCTION—SOLVENCY.
    Although the question of complainant's right to an injunction to preserve the assets of such corporation from dissipation by reason of a proposed sale was doubtful, the matter was within the jurisdiction of chancery, but the question is an open one upon the proofs to be offered at the hearing.

Appeal from Wayne; Codd, J. Submitted January 8, 1912. (Docket No. 6.) Decided March 29, 1912.

Bill by James H. Cole against the Cole Realty Company for the specific performance of a contract for the sale of corporate stock. From a decree overruling a demurrer to complainant's bill, defendant appeals. Affirmed.

*Barnes & Stowers*, for appellant.

*Edward A. Macdonald*, for appellee.

STEERE, J. Complainant filed a bill in chancery, praying decree for specific performance of a contract alleged to have been entered into between the parties to this suit, in which defendant agreed to pay the sum of $19,750 for certain stock in said company, for an injunction restraining defendant from selling or incumbering its real or personal property, " whether by assignment, sale, mortgage or dividend to stockholders," and for such other and further relief as may be equitable.

Complainant alleges that he is the holder of 150 shares of stock in the defendant company, which is a corporation organized for the business of holding, leasing, and selling real estate and erecting buildings thereon; that its capital stock is $75,000, divided into 750 shares of a par value of $100 each; that he, as a director in said company,

had, during its existence, successfully opposed propositions to sell outright the real estate belonging to said company until December 10, 1910, when, the remainder of the stockholders and directors being very anxious to make certain deals which they proposed and he opposed, it was finally agreed that he would abandon further opposition and withdraw from the company, which, on its part, through its directors, agreed to buy his stock and pay him therefor the price already stated; that pursuant to such contract and agreement, he did withdraw his opposition, and the deals which he had opposed were consummated; that he tendered to the proper officials of said company his stock, indorsed in blank, demanding payment therefor, which was refused; that since such contract for the sale of his stock to said company was made he has taken no part in its affairs; that he is informed and believes, and charges the fact to be, that the directors of the defendant are proposing to dispose by sale of other property of the company to its disadvantage, and he is fearful, if such further sale is consummated, there may not remain sufficient assets of the company available to satisfy the decree he believes himself entitled to, and therefore he prays relief as above stated.

Defendant demurred to this bill of complaint for the following reasons:

"(1.) From the statements contained in complainant's bill of complaint, it clearly appears that complainant has an adequate remedy at law.

"(2) There is no relief prayed for in said bill that could not be satisfied by a suit at law.

"(3) There are questions of fact necessarily arising out of statements contained in complainant's bill that ought to be passed on by a jury.

"(4) It appears from paragraph 11 of complainant's bill that he is seeking relief upon an alleged agreement to purchase of complainant its own stock.

"(5) It appears from paragraph 3 in said bill that the Cole Realty Company is organized for the purpose of acquiring, holding, leasing, and selling of real estate, and for the erection of buildings thereon only, and not to deal

in its own stock; and if any contract was made by said company, as alleged in said bill, it was *ultra vires*."

This contract, under the circumstances alleged in complainant's bill, is not *ultra vires* by reason of defendant purchasing shares of its own stock. A corporation acting in good faith, without objection from stockholders and without prejudice to creditors, may purchase shares of its own stock, regardless of the purpose for which it was organized, unless forbidden by statute. In this case, it is alleged that all the stockholders of defendant are directors; that at a meeting of the board of directors, which was attended by all except one, who was represented by proxy, this contract was unanimously authorized. The transaction, as alleged, was valid as to all parties to this suit; "the stockholders are not in a position to complain, as they were all willing parties to the transaction, and are therefore estopped to deny its validity." *Clark* v. *Machine Co.*, 151 Mich. 416 (115 N. W. 416); *Butterworth & Lowe* v. *Milling Co.*, 115 Mich. 1 (72 N. W. 990); *Dewey* v. *Railway Co.*, 91 Mich. 351 (51 N. W. 1063); *Carson City Sav. Bank* v. *Elevator Co.*, 90 Mich. 550 (51 N. W. 641, 30 Am. St. Rep. 454).

It is urged as a ground of demurrer that there are necessarily questions of fact in the case, according to allegations in complainant's bill, which ought to be passed upon by a jury. Issues of fact arising in cases where a court of chancery has jurisdiction are always tried by the chancellor, unless, in his discretion, he calls a jury for an advisory verdict to aid him in determining the facts. 1 Comp. Laws, § 462. If the case is properly one for equitable adjudication, the litigant's constitutional right to a trial by jury is not invaded. It has even been held that an act which attempts to ingraft trial by jury upon equity practice is unconstitutional. *Brown* v. *Kalamazoo Circuit Judge*, 75 Mich. 274 (42 N. W. 827, 5 L. R. A. 226, 13 Am. St. Rep. 438); *Maier* v. *Wayne Circuit Judge*, 112 Mich. 491 (70 N. W. 1032). "Courts of law are not clothed with sole power to try issues of fact." *Fred Ma-*

*cey Co.* v. *Macey,* 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036). The question is not whether there are issues of fact in the case which, standing alone, might more properly be tried by jury, but whether the case, stated as a whole, with all the facts admitted, as they are, by the demurrer, presents any questions of law or fact which come under the jurisdiction of a court of equity.

Counsel for defendant correctly state that the main question in the case is whether the complainant has an adequate remedy at law, and urge that he has, for the reason that he only seeks to recover a money judgment for a liquidated sum, being the price defendant agreed to pay him for his stock. If the stipulated price for the article bought was the measure of damages in a suit at law for breach of contract, the question would be readily solved as defendant contends. But, according to the allegations in complainant's bill, the defendant has not performed the contract, has not accepted the stock, and refuses to do so. The stock is, and will remain, complainant's, unless specific performance is decreed. In a suit at law, his damages would be the difference, at the time of the breach, between the market value of the stock, if it had a market value, or otherwise the actual value, and the price it was contracted he should be paid for it. If it had a market value and could be readily bought and sold, he has an adequate remedy at law. *Rand* v. *Railroad,* 40 N. H. 79; *Corser* v. *Hale & Morrow,* 149 Pa. 274 (24 Atl. 285).

Though the law of specific performance primarily relates to realty contracts, and, as a general rule, is not applicable where the subject-matter is personal property, yet specific performance will be decreed and a contract enforced where the thing, in the nature of personal property, has a sentimental value, is rare, and cannot be obtained elsewhere, or has no market value, or the true value is difficult of ascertainment, or requires an accounting, or other peculiar circumstances of the contract involve

conditions where the measure of damage in a court of law will not give full and adequate compensation. This doctrine has been held, by abundant authority, to apply in favor of a vendee of stocks not easily procurable and having no market value. Waterman on Specific Performance of Contracts, § 19; *Dennison* v. *Keasby*, 200 Mo. 408 (98 S. W. 546); *Johnson* v. *Brooks*, 93 N. Y. 337; *Butler* v. *Wright*, 186 N. Y. 259 (78 N. E. 1002); *Eichbaum* v. *Sample*, 213 Pa. 216 (62 Atl. 837); *Ames* v. *Witbeck*, 179 Ill. 458 (53 N. E. 969); *New England Trust Co.* v. *Abbott*, 162 Mass. 148 (38 N. E. 432, 27 L. R. A. 271); 36 Cyc. p. 565.

Equity less readily entertains the cause of a vendor seeking specific performance than that of a vendee, on the ground that, in many instances, the vendor can more easily compel adequate relief in a court of law; but in cases where the contract is mutually binding it is an accepted rule that if the vendee is entitled to specific performance the vendor should be granted the same relief, for the reason that mutual obligations should give mutual remedies. *Lewis* v. *Lechmere*, 88 Eng. Reprint, 828; 36 Cyc. p. 565; *Hills* v. *McMunn*, 232 Ill. 488 (83 N. E. 963); *Austin* v. *Gillaspie*, 54 N. C. 261; *Bumgardner* v. *Leavitt*, 35 W. Va. 194 (13 S. E. 67, 12 L. R. A. 776).

The bill of complaint is scant of direct allegations that the stock in question is not readily obtainable and has no market value; but it does appear that the defendant is a close corporation, in the nature of a family affair, and in such case it will not be presumed that the stock can be procured on the market, or has a market value. Under facts stated in the bill, if complainant refused to comply with the contract, we think defendant would be entitled to specific performance. There has been part performance by complainant, and defendant has availed itself of it. He was a potent factor in the conduct of the company's business, and exercised a controlling influence in its affairs. In fulfillment of the contract, he withdrew from participation in its management, and allowed a

policy which he opposed to be pursued. The consequence of this and resultant damage to him, while equitable considerations, could not readily be ascertained or compensated, were he compelled to keep his stock and sue for damages in a court of law.

The bill also prays for an injunction to conserve the assets of the defendant, alleging prospective sale and dissipation of its property and impairment of financial responsibility which threaten ready collection of any judgment which might be recovered. While a right to the same might be questionable on the showing made, the matter is peculiarly within the jurisdiction of a court of chancery.

By the demurrer, all matters of fact alleged are admitted to be true. We think that, under the indicated facts alleged in the bill, equity has jurisdiction. These matters, admitted by the demurrer to be true, are yet for the court to decide on the merits at the hearing, where the question of jurisdiction under the proofs can be justly determined.

The decree of the trial court, overruling the demurrer, is affirmed, with costs; defendant to have 15 days after notice of the decision to file an answer to complainant's bill.

MOORE, C. J., and McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.