GALLAGHER *v.* STUDEBAKER CORPORATION.

1. SPECIFIC PERFORMANCE — PERSONAL PROPERTY — FRAUD NOT SHOWN.

In a suit by the buyer for the specific performance of a contract for the sale of a used car, where defendant, after notifying plaintiff who was in default, sold the car and credited the proceeds to plaintiff's account, record *held*, to show no fraud on defendant's part.

2. SAME—CONTRACTS FOR SALE OF PERSONAL PROPERTY NOT ORDINARILY SPECIFICALLY ENFORCED.

Contracts for the purchase of personal property will not be specifically enforced unless there is some sentimental value attached to the article sold, like property could not be easily purchased in the market, or there is some other particular reason peculiar to the contract involved.

3. SAME—ADEQUATE REMEDY AT LAW—TRANSFER OF CASE TO LAW SIDE PERMITTED.

In view of the fact that, outside of the question of specific performance, plaintiff could as easily settle the questions at issue in a court of law as in a court of equity, the decree of the court below dismissing his bill is affirmed, on appeal, with permission to transfer his case to the law side of the court if he so elects.

Appeal from Wayne; Hunt (Ormond F.), J.   Submitted April 20, 1926.   (Docket No. 120.)   Decided October 4, 1926.

Bill by Gerald L. Gallagher against the Studebaker Corporation of America for specific performance of a contract for the sale of an automobile.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*J. H. M. Alexander*, for plaintiff.

*Joseph Jirasek*, for defendant.

Specific Performances, 36 Cyc. pp. 555, 784, 793; 25 R. C. L. 293; 3 R. C. L. Supp. 1416; 4 R. C. L. Supp. 1580; 5 R. C. L. Supp. 1318.

BIRD, C. J.    Plaintiff was the owner of a used automobile.    He purchased a used car of defendant for $400 and received a credit thereon of $125 for his car, and $9 in cash, leaving a balance due of $266.    This plaintiff agreed to pay in installments at the rate of $33.25, evidenced by promissory notes.    He defaulted in making a payment, and defendant seized the car after due notice to plaintiff.    Defendant sold the car for $75 and credited it on plaintiff's account.    Thereafter plaintiff continued to pay $10 a month, and has paid in all $253.34, and defendant refuses to turn over the car unless plaintiff pays the balance, which is substantially $75.    Plaintiff files his bill and tenders the balance due and prays for a specific performance of the contract, or, in the event that the car is sold, a decree for the value of it.    Defendant proceeded in accordance with its view of the contract and gave plaintiff notice of its intention to resell the car.    Plaintiff made no effort to redeem it, but waited nearly a year and then filed this bill.

Plaintiff discusses the question of fraud in his brief. We are unable to see any evidence of fraud in the case as he states it.    The most that can be said is that the defendant failed to do what it promised to do.    The only legal question of consequence is whether the contract was a conditional sales contract or a chattel mortgage.

It has not been the practice of this court to enforce specifically contracts for the purchase of personal property except when there was some sentimental value to it, or where like property could not be easily purchased in the market, or for other particular reasons which are not material here.    25 R. C. L. p. 293; *Cole* v. *Cole Realty Co.,* 169 Mich. 347.

In the last case cited it was said:

"Though the law of specific performance primarily relates to realty contracts, and, as a general rule, is not applicable where the subject-matter is personal

property, yet specific performance will be decreed and a contract enforced where the thing, in the nature of personal property, has a sentimental value, is rare, and cannot be obtained elsewhere, or has no market value, or the true value is difficult of ascertainment, or requires an accounting, or other peculiar circumstances of the contract involve conditions where the measure of damage in a court of law will not give full and adequate compensation."

The chancellor refused plaintiff relief and dismissed his bill. We think he was right. Outside of the question of specific performance, he can as easily settle the questions upon the law side of the court. Plaintiff will be given permission to transfer his case to the law side of the court if he so elects.

The decree will be affirmed. Defendant will recover its costs of this court.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.