RICHARDSON *v.* LAMB.

1. Specific Performance—Tender of Performance by Plaintiff Necessary.
   Tender of performance by purchaser is necessary to entitle him to maintain suit for specific performance of contract to sell shares of corporate stock.

2. Same—Deposit of Money in Bank Insufficient Tender.
   Deposit of money in bank by purchaser of shares of corporate stock, with instructions to seller to deliver stock to bank and receive certified check was insufficient tender to entitle purchaser to maintain suit for specific performance of contract to sell.

3. Same—Tender of Whole Amount Necessary.
   To entitle purchaser to maintain suit for specific performance of contract to sell shares of corporate stock, he must tender seller whole amount to be paid therefor, and anything short of this is insufficient.

---

Specific performance of contract for the sale of stock in corporation, see annotation in 50 L. R. A. 501; 31 L. R. A. (N. S.) 491; 51 L. R. A. (N. S.) 785.

On the question as to whether tender of certified check constitutes payment, see annotation in 23 A. L. R. 1284; 51 A. L. R. 395.

4. Same—Exercise of Option to Two Persons.

Exercise of option to two persons to purchase ''equally'' and ''in equal proportions'' 4,000 shares of corporate stock does not require concert of action by both optionees, but one might exercise option for equal proportion, 2,000 shares.

5. Same—Personal Property—Exceptional Circumstances.

Generally, specific performance is not decreed where subject-matter of contract is personal property, unless there are exceptional circumstances.

6. Same—Shares of Corporate Stock.

Specific performance of contract to sell shares of corporate stock was properly decreed in suit by purchaser, where court of law could not afford him adequate relief, in that stock is not listed, is not procurable in market, and is difficult to obtain, and especially where evidence shows that purchaser, after buying nearly one-fourth of capital stock, had moved to city where corporation is located, had devoted his best efforts to corporation, and that his purpose in seeking to acquire stock in question was to protect investment already made.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted January 21, 1931. (Docket No. 98, Calendar No. 35,419.) Decided April 7, 1931. Rehearing denied June 1, 1931.

Bill by A. Howard Richardson against Herbert W. Lamb and others for specific performance of a contract to sell shares of corporate stock. Decree for plaintiff. Defendants appeal. Reversed, and bill dismissed.

*James H. Baker* (*George W. Bean,* of counsel), for plaintiff.

*Baldwin & Alexander* and *Mark L. Rowley,* for defendants.

Clark, J. The bill was filed for specific performance of an alleged agreement to sell shares of capital stock of Fireside Industries, Inc., of Adrian,

Michigan.   Plaintiff had decree.   Defendants have appealed.

Defendants as first parties and Edwin A. Peterson as second party and plaintiff, A. Howard Richardson, as third party, in April, 1927, entered into a written contract, one paragraph of which is here important:

"The parties of the first part, in consideration of the purchase of the stock herein agreed to be purchased from them, do hereby give and grant to the parties of the second and third part, equally, an option to purchase in equal proportions 4,000 shares of the Class 'B' stock held by the parties of the first part in the said Fireside Industries, Inc., at any time hereafter, so long as said parties of the first part shall continue as stockholders, at a price of $3 per share, such option to be exercised by notice in writing to the parties of the first part that the said parties of the second and third part desire to avail themselves of the said option, payment to be made thereof within 10 days after the date of the notice given to the said parties of the first part of the exercise of said option."

On December 28, 1929, Richardson mailed to each of the defendants the following letter:

"Dear Sir:

"In accordance with the contract made and executed between yourself" (and other defendants) "parties of the first part and Edwin A. Peterson, party of the second part and A. Howard Richardson, party of the third part under date of April 27, 1929, and in accordance with paragraph 11 thereof;

"I, the undersigned A. Howard Richardson, do respectfully serve notice upon you in accordance with said contract and paragraph aforementioned to deliver to me at the Adrian State Savings Bank, between the hours of nine a. m. and three p. m. of January 8, 1929, 666⅔ shares of capital stock class

B of the Fireside Industries, Incorporated, a Michigan corporation, at which time you will receive my certified check in the sum of $1,999.33, which is three dollars per share per said agreement.

"Trusting that you will act promptly in the matter and wishing you a Happy New Year,

"I am,

"Respectfully yours."

Richardson had an arrangement with the bank by which it appears defendants would have been paid in accordance with the letter, had they there presented the certificates of stock. There was no other tender or acceptance on the offer first above quoted. Defendants did nothing. This bill followed.

Tender of performance by plaintiff was necessary to enable him to enforce the right. 38 Cyc. p. 132. The option does not provide for payment at the bank, and deposit there is therefore not good tender. 38 Cyc. p. 151. It was upon plaintiff to tender to defendants the whole amount to be paid to them. Anything short of this is insufficient. To each defendant plaintiff proposed to pay 67 cents less than the sum required, as appears by the letter. Although the deficiency is small, the court may not ignore it. *Boyden* v. *Moore,* 5 Mass. 365; *Wright* v. *Behrens,* 39 N. J. Law, 413; 38 Cyc. p. 137. This necessitates reversal, but, in prospect of further controversy, other matters should be discussed.

The option is that Richardson and Peterson might purchase "equally" and "in equal proportions" 4,000 shares of stock. The trial court rightly held, in interpreting the option, that exercise thereof did not require concert of action by both Richardson and Peterson, but that Richardson alone might exercise the option for his equal proportion, 2,000 shares.

The general rule is that specific performance is not decreed where the subject-matter of the contract is personal property. The trial court held this an exceptional case, in which a court of law could not afford adequate compensation for breach, for the reason the stock was not listed, not procurable in the market, and was difficult to obtain. Also, the evidence is that plaintiff, after buying nearly one-fourth of the capital stock, had moved to Adrian and made his home there and had devoted his best efforts to the company, and that his purpose in seeking to acquire the shares was to protect the investment already made. On this record, the holding of the trial judge that this case presented exceptional circumstances permitting specific performance will not be disturbed. *Cole* v. *Cole Realty Co.,* 169 Mich. 347; *Toles* v. *Duplex Power Car Co.,* 202 Mich. 224; 36 Cyc. p. 560.

Reversed, and bill dismissed. Costs to appellants.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.