STOTT v. ORLOFF.

1. CORPORATIONS—WHEN CORPORATION MAY PURCHASE ITS OWN STOCK.

Corporation may purchase shares of its own stock, if solvent and no stockholder objects, and provided purchase is in furtherance of objects of its existence (2 Comp. Laws 1929, § 9968).

2. SAME—EXCHANGE OF INCOME-PRODUCING ASSETS FOR STOCK.

Purchase by corporation of its own capital stock may not be made against protest of stockholder or director of corporation, when income-producing assets, outside of surplus and profits, are to be turned out in payment.

On right of corporation to purchase its own shares of stock, see annotation in 18 L. R. A. 254; 61 L. R. A. 621; 25 L. R. A. (N. S.) 50; 30 L. R. A. (N. S.) 694; 44 L. R. A. (N. S.) 156; L. R. A. 1916F, 286.

3. SAME—ESTOPPEL—INJUNCTION.

    Stockholder is not estopped from enjoining corporation's purchasing shares of its own stock and paying therefore income-producing corporate real estate, because at previous time he sold some of his stock to company for cash, or because he has desire to sell his stock to company and receive therefor income-producing assets of company, where said desire, if any, led to no action.

4. SAME—CONSENT OF STOCKHOLDERS MUST BE UNANIMOUS.

    Corporation organized to hold and manage real estate as source of profit may not exchange its source of earning power, or any considerable part thereof, in purchase of its shares of stock without unanimous consent of stockholders.

5. SAME—INJUNCTION—STOCKHOLDER NOT ENTITLED TO PREFERENCE OVER OTHERS.

    Agreement whereby corporation was to purchase shares of its stock and pay therefor income-producing assets of company was not in furtherance of objects of its corporate existence, but, if consummated, would operate as liquidation of income-producing capital assets, in part, with sole preference accorded stockholder selling said stock, and therefore consummation of said agreement was properly enjoined at suit of objecting stockholder.

Appeal from Wayne; Ferguson (Homer), J. Submitted October 31, 1932. (Docket No. 150, Calendar No. 36,842.) Decided January 3, 1933. Rehearing denied April 21, 1933.

Bill by Arthur Stott against Julia Stott Orloff and others to enjoin consummation of alleged agreement by corporation to purchase shares of its own corporate stock. Decree for plaintiff. Defendant Orloff appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Butzel, Levin & Winston* and *Lightner, Hanley, Crawford & Dodd,* for defendant Orloff.

*Friedman, Meyers & Keys,* for defendant Stott Realty Company.

*Henry C. Walters,* for defendants Bertha A. Stott and Ethel Stott Kingsley.

*Lucking, Van Auken & Sprague,* for defendant Power.

Wiest, J. Plaintiff and the individual defendants are the holders of all the stock of the Stott Realty Company, a corporation. There was want of harmony between the defendant Julia Stott Orloff and some other stockholders to an extent interfering with the management of the corporate financial affairs, and efforts to bring about her retirement culminated in an agreement by the company to purchase her shares of stock and pay for the same with income-producing corporate real estate; Mrs. Orloff agreed also to assign to the company shares of stock held by her in the David Stott Flour Mills, Inc., and to pay $10,000. Plaintiff, also a stockholder in the realty company, filed the bill herein to restrain consummation of the mentioned agreement, and he obtained a decree to that effect. Mrs. Orloff appealed, and asked for specific performance, but, at the hearing, her counsel waived such affirmative relief. Plaintiff asserts invalidity of the agreement, in that the corporation could not turn out, in purchase of its capital stock, a part of its income-producing assets, and that the agreement was not made in good faith but to stifle Mrs. Orloff's efforts toward a dissolution of the corporation, and was also based on mutual promise of aid between Mrs. Orloff and Ernest C. Stott, another stockholder.

We think the question involved is fairly stated in plaintiff's brief:

"Where a corporation has filed a bill (Stott Realty Co. *v.* Julia Stott Orloff) for receivership,

making three of the seven substantial stockholders parties defendant and these defendants have filed cross-bills seeking dissolution for abuse of trust, fraud and mismanagement, may the corporation and one of these cross-plaintiffs make a valid contract, during the pendency of that cause, whereby in substance the corporation trades an asset consisting of a piece of real estate producing a net income proportionately greater than the stockholder's interest in the corporation for that stockholder's stock, where all of the stockholders do not consent thereto?''

The corporation may purchase shares of its own stock. The statute so provides. 2 Comp. Laws 1929, § 9968. It may purchase, if solvent and no stockholder objects, the stock of a recalcitrant holder in order to get rid of opposition to legitimate corporate action. *Cole* v. *Cole Realty Co.,* 169 Mich. 347. The mentioned statute, however, places a restraint upon a purchase of its own stock by requiring the purchase to be ''in furtherance of the objects of its existence.'' The intent of this provision is made manifest by the following provision in Act No. 327, Pub. Acts 1931, § 10, subd. h. We quote:

''Provided, That no corporation shall use its funds or property for the purchase of its own shares of capital stock when such use would cause any impairment of the capital of the corporation.''

This provision was placed in the statute after the bill herein was filed, and we only employ it in giving pointed meaning to the somewhat equivocal expression in the earlier statute. A purchase by a corporation of its own capital stock cannot be made, against the protest of a stockholder or director of a corporation, when income-producing assets, outside

of surplus and profits, are to be turned out in payment.

It is contended that plaintiff is estopped by reason of his desire to make a like sale of his shares of stock to the company and also because at a previous time he sold 625 shares of his stock to the company for $50,000. We find no estoppel so worked. The sale of 625 shares of his stock was for a money consideration, and is of no moment here, for it did not involve a transfer of income-producing corporate real estate. Neither is plaintiff estopped by his desire, if any, to acquire a like contract as that of defendant Mrs. Orloff, for the desire, if any, led to no action. The net income from the Weil property, covered by the agreement with Mrs. Orloff, exceeded Mrs. Orloff's proportionate share of the earnings of the company. We do not say that, under no circumstances, may a corporation exchange its real estate in purchase of its stock. We do hold that a corporation, organized to hold and manage real estate as a source of profit, cannot exchange its source of earning power, or any considerable part thereof, in purchase of its stock without unanimous consent of the stockholders. The stockholders, in case of dissolution, are the last to participate in the distribution of the corporate assets.

At the time the agreement to purchase Mrs. Orloff's stock was entered into, there was a suit in equity pending, instituted to have a receiver appointed for the realty company, and plaintiff herein and Mrs. Orloff and Ernest C. Stott, defendants therein by cross-bill, had asked for dissolution of the company. A dissolution would keep Mrs. Orloff and plaintiff herein on a parity. The agreement, if carried out, will operate as a liquidation of income-producing capital assets in part with sole prefer-

ence accorded Mrs. Orloff. This manifestly was not in furtherance of the objects of the corporate existence, and was a use of its property for the purchase of its own shares of capital stock when such use would cause impairment of the capital of the corporation. Neither a majority of the stockholders or directors had power to so purchase corporate management peace at the price of income-producing corporate assets.

This was a family corporation, in origin and purpose; the several Stott children acquired it by inheritance; their interests therein are common to all and all must join in any action tending toward disintegration or impairment of its capital.

The decree in the circuit is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, J., did not sit.