## BOYES *v.* KUNZE.

1. VENDOR AND PURCHASER—PLACE OF PAYMENT.
    Under land contract that was silent as to where money due thereunder was payable, vendor was not obligated to go to bank to receive his money before executing deed pursuant to the contract.

2. SAME—TENDER.
    Fact that the purchaser made arrangements at a bank to pay vendor under land contract the amount due thereunder did not constitute a proper tender of the amount payable where there is no obligation in the contract imposed upon the vendor to go to a bank to receive the money.

3. COSTS—SPECIFIC PERFORMANCE—TECHNICALLY INSUFFICIENT TENDER.
    No costs are allowed defendant vendor in suit for specific performance of land contract where, technically, no proper tender had been made of balance due under the contract in that plaintiff had made arrangements at a bank for a loan but defendant, who claimed that on two previous occasions he had gone to a finance company at plaintiff's request and found negotiations incomplete, refused to appear at bank to complete the loan.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]. 55 Am Jur, Vendor and Purchaser, § 341.
[2] 52 Am Jur, Tender, § 19.
[3] 49 Am Jur, Specific Performance, § 176.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 7, 1949. (Docket No. 39, Calendar No. 44,372.) Decided May 18, 1949. Rehearing denied June 29, 1949.

Bill by Leighton D. Boyes and wife against Edwin G. Kunze to compel specific performance of land contract. Decree for plaintiff. Defendant appeals. Reversed.

*Benjamin Tauber,* for plaintiffs.

*Alfred Pagoto (Jaros & Jaros,* of counsel), for defendant.

BUTZEL, J. Defendant Edwin G. Kunze, as vendor, entered into a land contract which was assigned to Hazel E. Boyes, as vendee, for the sale of property in the village of Oak Park, Oakland county, Michigan. $2,000 was paid on the purchase price and balance of $4,300 was payable with interest in monthly instalments of $43 each or more. Hazel E. Boyes assigned her vendee's interest to Leighton D. Boyes and Martha Boyes, plaintiffs herein. Subsequently while the contract was in full force and effect Leighton D. Boyes arranged for a "G. I." loan. His counsel stated in court the bank was prepared to make the loan upon receipt of a proper deed, and defendant-vendor thereupon was requested to take such deed to the bank and receive his money, but he refused to accede to this request. Thereupon plaintiffs as assignees of the vendee, brought suit for specific performance. At the hearing the court accepted statements of the attorneys without any objection in lieu of testimony. It appears from the replies to questions propounded by the court that defendant claims that on 2 previous occasions he had gone to a finance company at the request of Leighton D. Boyes

but found that the latter had not completed his negotiations. Defendant claimed that there had not been a proper tender of the balance due him and, therefore, he was not obligated to deliver a deed to the property. He thus stood on his technical legal rights. The court entered an order that defendant should comply with any reasonable request to appear at a banking institution in the city of Detroit, county of Wayne, State of Michigan, to accept legal tender of moneys and deliver a warranty deed as provided for in the contract. The village of Oak Park is a suburb of the city of Detroit. The court further ordered that interest be suspended on the land contract until defendant complied with the terms of the order. Defendant appeals.

While we may be in sympathy with the effort of the trial judge to help plaintiffs secure their deed upon defendant's receiving all that is due him and we cannot commend defendant's refusal, nevertheless, there was not a proper legal tender. There was nothing in the contract that obligated defendant to go to the bank to receive the money. Under the circumstances, plaintiffs cannot prevail. See *Richardson* v. *Lamb,* 253 Mich 659.

We are constrained to reverse the order of the trial judge, but without costs because of the peculiar circumstances of the case, this being a suit in equity.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.