JAUP v. OLMSTEAD.

1. EQUITY—JURISDICTION.
    Equity will entertain jurisdiction, where the remedy at law
    is not plain, adequate and complete but is difficult or doubt-
    ful.

2. SPECIFIC PERFORMANCE—CONTRACT TO SELL PERSONAL PROPERTY.
    Generally specific performance is not decreed of a contract
    . relating to sale of personal property.

3. SAME—CONTRACT TO SELL PERSONAL PROPERTY—MARKET—DAM-
    AGES.
    Equity may take jurisdiction to compel specific performance
    of a contract to sell personal property, where the specific
    property is not obtainable on the market and damages will
    not provide adequate compensation.

4. SAME—RESTORATION OF GAS HEATING UNITS—LAND CONTRACTS.
    Bill by purchaser under contract for sale of stores, wherein it
    was agreed that gas heating units were to remain on the
    property, and to compel vendor who removed them to re-
    turn them and to compel gas company to furnish heating
    service, stated a cause for equitable relief, where loss of
    such heating units resulted in loss of gas heating service be-
    cause possession of such units was necessary to obtain such
    service and a court of law could not require the gas com-
    pany to furnish the service.

5. EQUITY—COSTS—REMOVAL OF GAS HEATING EQUIPMENT.
    Costs against vendor of premises heated by gas heating equip-
    ment are allowed upon reversal of decree in his favor after

REFERENCES FOR POINTS IN HEADNOTES .
[1] 19 Am Jur, Equity § 100 et seq.
[2] 49 Am Jur, Specific Performance § 125.
[2–4] Specific performance, or injunction against breach, of con-
    tract for sale of tangible personal property.  152 ALR 4.
[3, 4] 49 Am Jur, Specific Performance §§ 126, 127.

.. he had removed the equipment, where codefendant gas com-
pany is complying with preliminary order of trial court as
to restoration of service and appeal was not taken as to it.

Appeal from Wayne; Murphy (George B.), J.
Submitted June 3, 1952. (Docket No. 9, Calendar
No. 45,380.) Decided October 6, 1952.

Bill by Sadik Jaup and wife against Charles M.
Olmstead and Michigan Consolidated Gas Company,
a Michigan corporation, for specific performance of
contract as it relates to certain personal property.
Bill dismissed on motion. Plaintiffs appeal. Re-
versed and remanded.

*Schulman & Schulman* (*Meyer R. Rubin,* of coun-
sel), for plaintiffs.

*O'Brien & Nertney* and *Isaac M. Smullin,* for de-
fendant Olmstead.

*Dyer, Angell, Meek & Batten,* for Michigan Con-
solidated Gas Company.

BUSHNELL, J.   Plaintiffs Sadik Jaup and Clara
Jaup entered into an agreement with defendant
Charles M. Olmstead in September of 1949, to pur-
chase 2 stores in the city of Detroit. This agreement
stated in part:

"It is understood that the partitions and 2 gas
heating plants (are considered as part of the pur-
chase price and shall remain on this property)."

In October, Olmstead conveyed the property to
plaintiffs. He remained in possession as a tenant
of plaintiffs until September of 1950, when he va-
cated the premises. Plaintiffs charge that when he
did so he "took with him portions of the heating unit

plants, without right or lawful authority, and then fraudulently had this gas unit and services transferred to his new place of occupancy and the gas heat then was removed from the premises that was purchased by the plaintiffs from the defendant."

Plaintiffs further charge:

"That as a consequence of this unlawful conversion and as a consequence of the breach of the contract and fraud on the part of the defendant, Charles M. Olmstead, the Michigan Consolidated Gas Company has refused and will not furnish any gas heat until these units removed by the defendant are restored to the plaintiffs' premises, as well as a direction by the defendant that the unit and the gas service belong to the plaintiffs rather than to the defendant covering the above described premises."

Michigan Consolidated Gas Company was joined as a defendant for the reason that it had, under order of the Michigan Public Service Commission, discontinued selling gas and servicing gas heaters for any new customers. Since the gas company had a monopoly in the area, plaintiffs were unable to obtain gas after the removal of the heating plant.

Plaintiffs sought a preliminary order to show cause and a final order directing Olmstead to return the heating units and directing the gas company to restore the service. They also asked for the damages resulting from the breach of Olmstead's agreement.

The judge who heard the order to show cause denied Olmstead's motion to dismiss, ordered the return of the heating units, and issued a temporary injunction against the gas company. This order recited that if plaintiffs were obliged to purchase new heating units, the gas company should service them.

The pretrial statement indicates that plaintiffs thereafter purchased new equipment which, apparently under the first order, is being serviced by the

gas company. The trial judge, however, entered a final order dismissing plaintiffs' action on the ground that their bill lacked equity and their rights, if any, were enforceable on the law side of the court.

The controlling question presented on appeal is whether plaintiffs' bill of complaint presents a case for equitable relief.

Under the circumstances recited in the bill and answer, plaintiffs did not have an adequate and complete remedy at law. An action in replevin might have resulted in their regaining possession of the heating units, but neither that action nor one for damages for breach of contract would secure the relief essential to the operations of the stores, viz., the right to obtain heating gas. The court of law could not require the gas company to furnish service.

"Where the remedy at law is not plain, adequate and complete, but is difficult or doubtful, equity will entertain jurisdiction." *Multiplex Concrete Machinery Co.* v. *Saxer,* 310 Mich 243, 258, and authorities there cited.

See, also, *Steggles* v. *National Discount Corporation,* 326 Mich 44, 49 (15 ALR2d 208).

Plaintiffs' bill is in the nature of an action for specific performance of a contract to sell personal property. Generally, specific performance is not decreed where the subject matter of the contract is personalty. However, if the specific property is not obtainable on the market and damages will not provide adequate compensation, equity may take jurisdiction. *Cole* v. *Cole Realty Co.,* 169 Mich 347, 351; *Gallagher* v. *Studebaker Corporation,* 236 Mich 195. Here the right to possession of the heating units determined the right to the gas service, which was otherwise unobtainable. Plaintiffs' bill of complaint, therefore, presented a case for equitable relief.

The order is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. Costs to appellants, but only against defendant Olmstead.

Dethmers, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.

The late Chief Justice North did not sit.